In re HIRSCH'S ESTATE.

(Supreme Court, Appellate Division, First Department.   December 21, 1906.)

APPEAL—DISMISSAL—DECISIONS REVIEWABLE.

An appeal from an order continuing an injunction restraining appellant from acting as executor will be dismissed, where, after the appeal was taken, but before it was argued, the letters testamentary issued to appellant were revoked, since the injunction was merely provisional pending the final determination as to the revocation of the letters.

Appeal from Surrogate's Court, New York County.

Proceedings to restrain Edward K. Jones from acting as executor and trustee of the estate of Ferdinand Hirsch, deceased, pending an application for the revocation of his letters testamentary.  From an order continuing an injunction granted, Jones appeals.  Dismissed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Edward W. Hatch and David McClure, for appellant.

Lemuel E. Quigg, for respondents.

INGRAHAM, J.  This appeal was taken before the final order was entered revoking the letters testamentary and removing the appellant as trustee.  As we have concluded to affirm the decree of the surrogate revoking the letters testamentary, this appeal becomes unimportant.  101 N. Y. Supp. 893.

The respondents move to dismiss the appeal on the ground that, after the appeal was taken, but before it came on for argument, the surrogate had revoked the letters, and consequently no question was presented on this appeal.  In view of the other determination, this motion should be granted, as the injunction was merely provisional pending the final decree to determine whether the letters should be revoked and the appellant removed as trustee.  There is therefore no substantial question presented to the court for determination.

It follows that the appeal should be dismissed, without costs.  All concur.